RECEIVED

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

2015 OCT -9 P 12: 48

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Redflex Traffic Systems, Inc.,

a/k/a

Redflex Holdings Australia,

a/k/a

Redflex Traffic Systems Pty. Ltd.

a/k/a

American Traffic Solutions, Inc.

and,

THE PEOPLE,

       Plaintiffs,

v.

AIR FORCE VETERAN JERRY PAUL CARROLL,

       Defendant.

CASE NO. 3:15-CV-748-WKW-SRW

Claim of Unconstitutionality

**DEMAND FOR JURY TRIAL**

## <u>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM</u>

       Defendant Air Force Veteran Jerry Paul Carroll ("Defendant") responds to Plaintiffs' Complaint as follows:

### <u>PARTIES</u>

1. Plaintiff, Redflex Systems, Inc. et al ("Redflex") is a Foreign Corporation formed in

Delaware and authorized to do business in Arizona whose offices are located at 23751
North 23rd Avenue, Suite 150, Phoenix ,Arizona, 85085. Redflex, as agent of The People
provides digital camera equipment for traffic light monitoring despite Court rulings.

## ANSWER:

Defendant denies Redflex's allegations of traffic law violation and that Redflex's
burden of producing evidence has been met.


2. Jerry Paul Carroll ("Carroll") is a college student and Veteran living in Phenix City,
Alabama who is scheduled to graduate SUMMA CUM LAUDE in Criminal Justice in
December, 2015, shown by Defendant's Exhibit 'D',with an AAS degree after having
received an AA in Medical Technology and Pre-Pharmacy courses in the University
System of Georgia's Columbus, Georgia campus, and is working on also getting an AS
Degree from Gulf Coast State College or elsewhere after having completed numerous
Paralegal courses, and getting an "A" in Graphic Design, a course that teaches digital
photography formatting or tampering used by magazines to place Oprah Winfrey's head
on a much slimmer body, shown hereby as defendant's Exhibit 'E', also on this page is a
quote that starts off "Finished Files", since it is not 3 dimensional like Redflex's digital
cameras, most people will only see three 'F' letters, there are six, and Defendant attended
Florida State University in communications courses, and Sante Fe State College,
Pensacola State College, Kennesaw State College, Georgia State University, and all but
one under the VA, has been paid for out of pocket with no grants or loans excepting some
senior scholarships as the VA has lost some of Carroll's records. Carroll was well into a
second digital photography Graphic Design course when he received Redflex's summons,
with only from September 23, 2015 till October 14, 2015 to file these documents in
answer, he had to drop his second course also in Graphic Design-Digital Photography, as
shown hereby in Defendant's Exhibit 'F'. Carroll is also a graduate and Alumni of the
Columbus, Georgia Citizen's Law Enforcement Academy and has voluntarily and at his
own expense, taken AARP Driver Education Courses of which he is also scheduled for
the October 14th and 15th, 2015, course at LaGrange, Georgia. Redflex's allegations of

-2-

Carroll having consciously and deliberately ran a traffic light threaten to destroy Carroll's reputation and destroy all he has built in hard work and study in college police courses and possible gainful employment upon the December, 2015 graduation as the Columbus, Georgia police department scrutinizes college police course graduates for violations and rightly so.

### ANSWER:

Defendant Carroll denies all allegations of traffic violation by Redflex, et al, and further shows that Redflex has made such charges knowing that such digital camera evidence has not only been found to not be admissible in Redflex's own case or cases, including *THE PEOPLE v. REKTE, Court of Appeal of the State of California, Fouth Appellate District, Division Two, Case No. E060272 (Super.Ct.Nos.APP1300118 & RR 182259V*R) and the Certified For Publication Opinion is hereby attached as Defendant's Exhibit 'G' as well as the defendant's filing opposing depublication hereby attached as Defendant's Exhibit 'H", and another attempt at depublication to conceal Redflex's Court losses showing that their digital camera evidence is inadmissible, in the *SUPERIOR COURT OF THE STATE OF CALIFORNIA, APPELLATE DIVISION, People v. Winters, Case No. ACRAS, 1100151, Trial Court (V053926ADW),* is hereby attached as Defendant's Exhibit 'I', but the law is well settled that only film photography with negatives that can pass tampering scrutiny, are admissible, in *Rekte* the Precedent that caution light settings of less than 3.6 seconds is not safe, is also set. Redflex, et al, attempts to justify such tampering in their charging Carroll by admitting to it and calling it "formatting" in Defendant's Exhibit 'J'. Carroll also attaches a Precedent showing that only a real police officer who actually is present

-3-

and observes a traffic violation could have charged Carroll, attached as Defendant's Exhibit 'K' is the ruling in the *District Court of Appeal for The State of Florida, Fourth District: City of Hollywood, Florida v. Eric Arem, No. D412-1312*

in which the Redflex company: American Traffic Solutions, was struck down and not allowed to charge citizens, only a real police officer who is present and at the scene and who observes a violation in person using 'officer discretion' can charge citizens.

Defendant contends that these and other similar precedents at least meet persuasive authority, as admitted by Redflex in at least one attempt to depublish, attached herein as Defendant's Exhibit 'I', page 10, and probably compelling authority, but, since most citizens pay the one hundred dollars due to the tremendous costs of standing up for their rights in time, money, fear of retaliation by city officials and police, and other interference with their lives, Redflex expected to get away with such activities already prohibited. Defendant contends that a real life police officer on the scene would not have charged him, and has researched this with senior police officials, not only because he had already entered the intersection before the red light came on but he could have injured the driver in the truck behind him by slamming on the brakes as Plaintiff's own video shows the street to be rain-soaked. Plaintiff's "formatting" attempts by their projecting a scale at the bottom of the formatted video, to claim that Defendant had four seconds of caution light, Defendant's stop watches timing of the caution light on or about September 24th, 2015 showed only an average of 3.14 seconds of caution light, using two different stopwatches and numerous tries, P*eople v. Rekte* found less than 3.6 seconds of caution light too little and unsafe. Defendant contends that such slowing down of the digital images and Plaintiff's leading the viewer with a projected scale over the image claiming four seconds of caution light, appear to show falsely that Defendant Carroll had a long time to respond to the caution light which in actual in-person observations it was below safe minimums found in *Retke*. Plaintiff's formatting also almost conceals that the defendant was already in the intersection when the light turned red. Defendant contends such methods of going from cases where they claimed *Rekte* was several feet outside the

-4-

intersection to their charge of him when inside the intersection, shows a scary desperation by Redflex.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under Alabama Rules of Civil Procedure 13 and 33 as the business of Redflex was conducted within the State of Alabama. Defendant states that this case has been removed to the district court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

4. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

5. The Complaint violates pertinent provisions of state law and state and federal constitutions.

### THIRD AFFIRMATIVE DEFENSE

6. The Complaint is barred by the doctrine of unclean hands and other pertinent equitable principles.

### FOURTH AFFIRMATIVE DEFENSE

7. No act or omission on the part of Defendant either caused or contributed to whatever injury (if any) Plaintiffs may have sustained.

## FIFTH AFFIMATIVE DEFENSE

8. The Complaint is barred by the doctrine of substantial truth.

## SIXTH AFFIRMATIVE DEFENSE

9. Defendant reserves the right to assert additional affirmative defenses as he discovers the basis for them.

-6-

## JERRY PAUL CARROLL'S COUNTERCLAIM

For his counterclaim against Plaintiff Redflex Systems, Inc. et al, Defendant Jerry Paul Carroll states as follows:

### THE PARTIES

1. On information and belief, Plaintiff and Counterclaim- Defendant Redflex Systems, Inc. et al ("Redflex") is a Delaware corporation with it's principal place of business located at 23751 North 23rd Avenue, Suite 150, Phoenix, Arizona 85085.

2. Defendant and Counterclaim-Plaintiff Jerry Paul Carroll ("Carroll") is a college student and part time haberdasher employee located at 1611 21st Street, Phenix City, Alabama, 36867.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Redflex on the basis of ,*inter alia,* its contracts with Alabama.

5. Venue is proper under 28 U.S.C. § 1391.

### BACKGROUND

6. Jerry Paul Carroll is a college student who fights drugs as is well known by Alabama Governor Bentley and Alabama Attorney General Luther Strange, Tampa, Florida law enforcement, and he has been called an "activist" in his crusade for the rights of the military at Fort Benning, Georgia, and for Veterans as is known by V.A. Secretary Robert McDonald.

7. Carroll has opposed for profit organizations who unreasonably target the Military and Veterans in the Phenix City, Alabama, Columbus and Fort Benning, Georgia area, and who would not be active here were it not for the large Fort Benning payroll and the Fort Benning soldiers bringing the population to over 50,000, making their activities profitable. Such targeting of our Military without regard to established Court orders and precedents is ostensibly an interstate flight by Redflex from locations such as Chicago, Illinois and Hollywood, Florida where their activities have been prohibited, to Alabama for profits ignoring and even disputing previous Courts by asking for depublication. Their own documents show that Redflex saw that Carroll had an Alabama military license plate before charging him. The nearby Columbus, Georgia government refused the digital camera red light enforcement.

8. Redflex filed the charge against Carroll in Phenix City, Alabama in an effort to continue using digital photography, which had been found to be easily tampered with in *The People v. Rekte* before presenting to the local officer who merely pushes a button to confirm Redflex's charges of traffic violations, even though the Precedent in *The People v. Rekte* had established that digital images from Redflex's cameras were not evidence and could not be used. The law is well-settled that only film photography with the original negatives that shows to have not been tampered with when scrutinized, are admissible in Court. Amazingly, Redflex even admitted such tampering by stating that the digital images from Redflex had been formatted in Defendant's Exhibit 'J'. The Precedent of *Rekte* also declared that a yellow caution light of less than 3.6 seconds is not enough for a motorist to safely respond. Redflex attempts, having already admitted formatting, to show that Carroll had the 4.0 seconds claimed by their video, but visits to the scene with two different stopwatches showed, on or about September 24, 2015, only an average of 3.14 seconds for the duration of the yellow light, but, other nearby yellow

-8-

lights not being observed by Redflex's cameras of which another Redflex camera is at Summerville Road, Phenix City, at The Stadium, and some not being observed by Redflex cameras had yellow light duration of at least 4.0 seconds when measured by stopwatches by Carroll.

Further reports of Redflex digital camera tampering, which Redflex calls formatting, and the Defendant's fall semester digital photography course calls 'layer manipulation' as is shown on page 129 in Defendant's Exhibit 'K-2' from this semester's text, 'Photoshop One-On-One CS5', by Deke McMillan, which shows that by such "formatting" the lady would appear to have six arms, have been reported by The Chicago Tribune as "spikes" in Redflex's claimed traffic violations shown in defendant's Exhibit 'L' and USA Today reported that former Redflex CEO Karen Finley who was convicted for Redflex actions claimed to have caught violators who were later involved in accidents, see Defendant's Exhibit 'M', but Carroll contends that Redflex's interference with the safe flow of traffic made those drivers so afraid to go with the normal flow of traffic as dictated by the local police that they had accidents due to Redflex. Precedents in the Hollywood, Florida case *Arem* have also established that a real law enforcement officer must personally observe the violation and under officer discretion, determine that the law was violated. Redflex charged Carroll knowing their charges by Precedent, were prohibited and inadmissible. Carroll submits Defendant's Exhibit 'O' which is digital photography composed by Carroll showing how digital photography can be formatted or tampered with, by showing the Defendant with a celebrity news reporter which is an event digitally created by adding Katie and eyeglasses to a previous photograph, the Defendant who has never met Katie shows that digital photography could be used to claim otherwise. Redflex knew well that Carroll never violated the traffic law as charged and they knew that bringing such charge and photography was prohibited and caused Carroll numerous damages while knowing better, Redflex even admits Carroll's contentions of persuasive authority in Defendant's Exhibit 'I', page 10, in their Motion to Depublish by using the words

persuasive authority

but it may also be compelling authority.

-9-

## COUNTERCLAIM: DECLARTORY RELIEF

9. Carroll re-alleges and incorporates by reference the allegations of paragraphs 1-8.

10. Carroll requests a declaration, pursuant to 28 U.S.C. § 2201, that Redflex files digital camera charges in other States that have been prohibited by States who have examined the Redflex activity, and that digital photography has for decades been prohibited nationwide without film photography and original negatives not formatted or tampered with as admissible in Courts.

11. A present, genuine, and justiciable controversy exists between Carroll and Redflex regarding, *inter alia,* charges by Redflex of traffic light violations made with evidence previously found to be inadmissible in a high Court having Persuasive Authority and possibly, Compelling Authority. Defendant has shown in *People v. Rekte* and *People v. Winters* that Redflex tried to depublish the high Court's rulings against their digital camera and other evidence in an effort to falsely charge Carroll by methods already found to be prohibited and inadmissible, but deliberately and for profit brought charges against Carroll anyway.

## DEMAND FOR A JURY TRIAL

12. Carroll hereby demands a trial by jury, under Rule 38 of the Federal rules of Civil Procedure, for all issues triable of right by a jury.

-10-

## **PRAYER FOR RELIEF**

Wherefore, having stated in his answer and affirmative defenses and Counterclaim, and having shown that Carroll suffered damages due to the conduct of Redflex in an amount to be shown at trial,

Defendant prays for relief as follows:

1. For a declaration that Redflex knew it's digital camera evidence had already been declared inadmissible in Court by Courts of competent jurisdiction ;

2. For attorney's fees and costs, and statutory fees, to the extent applicable: and

3. For such other and further relief as the Court deems just and proper.

Dated: October  7 , 2015.

Respectfully submitted,

JERRY PAUL CARROLL

1611 21st Street
Phenix City, Alabama 36867
334 480 4072
jaybyrdcarroll@gmail.com

-11-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and accurate copy of the foregoing upon Plaintiffs Redflex Traffic Systems, Inc., member of Phenix City Redlight Safety Program, through their registered agent for service, National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104, and The People, c/o Phenix City, City Manager Wallace Hunter, 601 12th Street, Phenix City, Alabama, 36867, member of Phenix City Redlight Safety Program, as no agent for service is listed with The Secretary of State, and also a copy has been provided to The Traffic Court of Phenix City , Alabama, 1111 Broad Street, Phenix City, Alabama, 36867 by U.S. Mail on this the ___9___ day of October, 2015.

_____
Jerry Paul Carroll

1611 21st Street
Phenix City, Alabama 36867.
1-334-480-4072
jaybyrdcarroll@gmail.com

12