IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **THE PEOPLE, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**Jerry Paul Carroll,** )<br>)<br>**Defendant.** ) | **CASE NUMBER:**<br>**3:15-CV-748-WKW-GMB** |

### REDFLEX TRAFFIC SYSTEMS'S MOTION TO REMAND

Redflex Traffic Systems, Inc. moves to remand this case because there is no federal subject matter jurisdiction.  This "case" is just a civil traffic violation arising in Phenix City, Alabama.  That violation contains no federal question on its face.  The amount in controversy is $100, the parties are not diverse, and a civil traffic violation does not create a "civil action" that is eligible to be removed in the first place.  The Court should remand the case.

### BACKGROUND

Phenix City has adopted Ordinance No. 2012-21 (the "Ordinance).[1]  In general terms, the Ordinance permits Phenix City to use photographic traffic signal enforcement systems to capture images of vehicles that run red lights and send the registered owners of those vehicles a notice of violation.  Ordinance 2012-21, § 14-5.1.

On September 8, 2015, Phenix City's traffic cameras captured Defendant Jerry Paul Carroll's car running a red light.  (Doc. 1-4 at 3).  Phenix City sent Carroll a "Notice of Violation"

---

[1] The Ordinance is attached as Appendix A and is available at this link: http://www.phenixcitylibrary.com/Sites/Phenix_City/AppData/DocLib/City%20Clerk%20-%20Ordinances/Ordinance/Ord%202012-21.pdf.

on September 14, 2015.  (*Id*.).  On its face, the violation arises under Phenix City Ordinance No. 2012-21, § 14-5.1 and no other law.  (*Id*.).  The amount of the civil violation is $100.  (*Id*.).

Carroll removed this case on October 9, 2015.  (Doc. 1).  His asserted ground for removal is federal question jurisdiction under 28 U.S.C. § 1331.  (*Id*. at 2).

Carroll does not directly allege his citizenship, but he lives in Phenix City, Alabama (Doc. 1 at ¶ 2 on p. 7) and does not allege intent to establish his citizenship in another state.

## LEGAL STANDARD

Redflex highlights three important legal principles applicable to this motion.

***Burden***:  As the proponent of federal jurisdiction, Carroll bears the burden of showing that jurisdiction exists.  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

***Presumption***:  The scales are tilted against removal: "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).  *See also Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) ("In reviewing matters concerning removal and remand, 'it is axiomatic that ambiguities are generally construed against removal.'") (quoting *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979)).

***Relevant Time***:  The propriety of removal is determined at the time of removal.  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

## ARGUMENT

**I.    The notice of violation rests solely on state law and presents no federal question.**

Generally, under the well-pleaded complaint rule, a civil action is removable if a federal question appears on the face of the plaintiff's complaint.[2]  *Franchise Tax Bd. v. Constr. Laborers*

---

[2]    The Notice of Violation is not a "civil action brought in a State court."  28 U.S.C. § 1441(a).  Under the Ordinance, Carroll owes a "civil penalty" for violating the Ordinance.  Ordinance 2012-

2

*Vacation Trust for S. California*, 463 U.S. 1, 9–10 (1983); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). On its face, the Notice of Violation alleges that Carroll violated a Phenix City ordinance and nothing else. (Doc. 1-4 at 3). Accordingly, there is no federal claim here.

Carroll does not allege otherwise. He bases his removal not on the Notice of Violation, but on federal constitutional issues that he considers to be defenses to that notice. (Doc. 1 at 3). These defenses are not a basis for removal: "Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction." *Kemp*, 109 F.3d at 712. Simply put, "unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." *Evrast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). The rule for counterclaims is the same as for defenses: a defendant cannot remove based on a federal question in a counterclaim. *Homes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").[3] This Court has properly

---

21, § 14-5.1(B)(b). Penalty actions are generally not removable. *See Tasner v. U.S. Indus., Inc.*, 379 F. Supp 803, 808 (N.D. Ill. 1974) (remanding penalty action because it is not a "civil action" under Section 1441). Moreover, Carroll may request an administrative hearing. Ordinance 2012-21, § 14-5.1(D). Administrative actions are also generally not removable actions. *See, e.g.*, *Richardson v. U.S. West Comms., Inc.*, 288 F.3d 414, 417–18 (9th Cir. 2002) (ordering remand and concluding that administrative agency was not a court, even though it conducted adjudications); *Wirtz Corp. v. United Distillers & Vinters N. Am., Inc.*, 224 F.3d 708, 715–16 (7th Cir. 2000) (ordering remand because administrative board "simply is not a 'state court' as contemplated by § 1441(a)….").

[3] *See also Bank of New York v. Angley*, 559 F. App'x 956, 957 (11th Cir. 2014) ("There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim.").

applied these rules in *Commercial Bank of Ozark v. Pearson*, No. 1:14-CV-715-WKW, 2014 WL 5242941 at *1 (M.D. Ala. Oct. 14, 2015).

Because no claim in the Notice of Violation arises under federal law, Carroll has not properly invoked this Court's jurisdiction under Section 1331 and the case is due to be remanded.

**II.     The case is not removable for diversity of citizenship.**

Even though Carroll has not directly contended that diversity jurisdiction is present, the case is not removable under diversity for three independent reasons.

*First*, as a citizen of Alabama, Carroll cannot remove a civil action brought in Alabama: diversity actions "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1442(b)(2).

*Second*, complete diversity is lacking. Phenix City is a citizen of Alabama. *Illinois v. Milwaukee*, 406 U.S. 91, 97 (1972). Therefore, because Carroll and Phenix are both Alabama citizens, Carroll has not established complete diversity of citizenship under § 1332. Moreover, because Redflex was not a party at the time of removal and was only added by Carroll's counterclaim, Redflex's citizenship must be disregarded. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (diversity determined at time of removal); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001) (same).

*Third*, the amount in controversy is far too small. The notice of violation seeks $100. Even tacking on filing fees and court costs, the amount in controversy of the Notice of Violation is much less more than $75,000. Carroll has not asserted a counterclaim for anything other than declaratory relief, (Doc. 3 at p. 11), so—even if a counterclaim *could* establish federal jurisdiction—Carroll's counterclaims do not materially add to the amount in controversy. Moreover, all of Carroll's various allegations are in the nature of defenses to his liability for running a red light, so the

measure of the amount-in-controversy inevitably returns to something in the neighborhood of $100. This amount is thus much, much too small to satisfy the requirements of § 1332.

## CONCLUSION

This action should be remanded because federal jurisdiction is wholly lacking. Carroll's civil traffic violation should be handled through the process created by Phenix City to process such violations. That process contains a forum for Carroll to make the full panoply of his arguments (all of which, to be clear, Redflex disputes on the merits) without making a federal case out of a civil traffic violation.

Respectfully submitted this 3rd day of November, 2015.

*s/J. Thomas Richie*
One of the Attorneys for
Redflex Traffic Systems, Inc.

OF COUNSEL
J. Thomas Richie (ASB-7314-H65R)
Ryan P. Robichaux (ASB-7254-A24R)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
trichie@babc.com
rrobichaux@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>None

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Jerry Paul Carroll
>1611 21st Street
>Phenix City, Alabama 36867
>(334) 480-4072
>jaybyrdcarroll@gmail.com
>
>City Manager Wallace Hunter
>601 12th Street
>Phenix City, Alabama 36867
>
>City of Phenix City, Alabama
>Red Light Safety Program
>1111 Broad Street
>Phenix City, AL  36867

>*/s/ J. Thomas Richie*
>John Thomas Richie
>
>Bradley Arant Boult Cummings LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2119
>Telephone: (205) 521-8000
>Facsimile: (205) 521-8800
>E-mail: trichie@babc.com