IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITY OF PHENIX CITY, ALABAMA ) <br> PHENIX CITY RED LIGHT SAFETY ) <br> PROGRAM, also known as Redflex Traffic ) <br> Systems, Inc., also known as Redflex Holdings ) <br> Australia, also known as Redflex Traffic ) <br> Systems Pty., Ltd., also known as American ) <br> Traffic Solutions, Inc., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JERRY PAUL CARROLL, ) <br> ) <br>     Defendant. ) | Case No. 3:15cv748-WKW-GMB <br> (WO – Do Not Publish) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and the preparation of any orders and recommendations as may be appropriate. Doc. 6. Pending before the court are the Motions to Remand filed by Movant Redflex Traffic Systems, Inc. ("Redflex") and Plaintiff Phenix City Red Light Safety Program ("Phenix City"). Docs. 9 & 13. The court has carefully reviewed the complaint, motions to remand, and the briefs filed in support of and in opposition to the motions. *See* Docs. 9, 13, 17, 20. For good cause, it is the RECOMMENDATION of the Magistrate Judge that the motions to remand be GRANTED.

1

## I. BACKGROUND

On September 8, 2015, Phenix City issued a Notice of Violation to Defendant Jerry Paul Carroll ("Carroll") for his "Failure to Obey Traffic Control Devices"—colloquially, for running a red light—in violation of Phenix City Ordinance Number 2012-21, Section 14-5.1. Doc. 1-1 at 5.  On October 19, 2015, Carroll removed the traffic citation to this court, alleging that the red-light cameras operated by Phenix City violate his Sixth Amendment right "to be confronted by his accuser," his Fourth Amendment right requiring "probable cause and a sworn oath of affirmation," and his Fifth Amendment right "to be a witness against himself." Doc. 1.  In his Notice of Removal, Carroll also listed Redflex, who purportedly monitors and maintains the traffic camera system, as a plaintiff.[1]  Doc. 1.

Carroll subsequently filed his Answer, asserting the aforementioned constitutional violations as well as a request for declaratory relief on the legality of the red-light traffic program as counterclaims against Phenix City and Redflex. Docs. 1 & 3.  Carroll asserts that this court "has original jurisdiction of this action under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), 1441(b) and 1446" and that, pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists between the parties and the amount in

---

[1] On the face of the complaint, the plaintiff in this action is Phenix City, *see* Doc. 1-1, and Carroll asserts counterclaims against this entity in his Answer. *See* Doc. 3.  The Notice of Removal designates Redflex as a plaintiff and lists three purported subsidiaries as aliases for Redflex: Redflex Holdings Australia, Redflex Traffic Systems Pty. Ltd., and American Traffic Solutions. *See* Doc. 1.  However, neither Redflex nor any subsidiary has asserted any claims for relief against Carroll.  Instead, Redflex appeared solely to contest jurisdiction and to defend Carroll's counterclaims. *See* Docs. 9 & 11.  While the court has utilized Carroll's style of the case by convention, the court finds that Redflex is properly designated as a movant and counter-defendant despite Carroll's characterization of this entity as a plaintiff.

controversy exceeds $75,000. Doc. 1 at 2, 4. Phenix City and Redflex subsequently filed the pending motions to remand. Docs. 9 & 13. After careful consideration, the court determines that this matter is due to be remanded.

## II. DISCUSSION AND ANALYSIS

Federal courts are courts of limited jurisdiction. *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For a case to be removable to a district court, the court must have either federal-question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1441. In his Notice of Removal, Carroll invoked both the court's federal-question jurisdiction and its diversity jurisdiction, Doc. 1 at 2–4, but he has not met his burden of establishing either as a basis for removal to federal court.

District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and it is black-letter law that civil actions arise under federal law only when the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27−28 (1983). The Supreme Court has repeatedly affirmed the well-pleaded complaint rule in the removal context:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or

> absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted). In essence, a case may be removed to federal court only when the "plaintiff's claim could have been filed in federal court originally." *Burns*, 31 F.3d at 1095. Regardless of the basis for removal, the removing defendant "bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Here, Carroll removed a traffic citation for "Failure to Obey Traffic Control Devices" in violation of Phenix City Ordinance Number 2012-21, Section 14-5.1. Doc. 1-1 at 5. Thus, the face of the complaint—that is, the Notice of Violation—reveals that Phenix City's claim arises under Phenix City Ordinance Number 2012-21, Section 14-5.1, not any federal law. Carroll's counterclaims and defenses ostensibly invoke questions of federal law but must be disregarded for purposes of federal-question jurisdiction:

> Federal jurisdiction cannot be predicated on an actual or anticipated defense: "It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]." Nor can federal jurisdiction rest upon an actual or anticipated counterclaim. . . . Without dissent, the Court held in *Holmes Group* that a federal counterclaim, even when compulsory, does not establish "arising under" jurisdiction.

*Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v.*

4

*Mottley*, 211 U.S. 149, 152 (1908), and citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)).  It is undisputed that Phenix City's traffic citation does not arise under federal law.  Because Carroll's counterclaims and defenses cannot supply an independent basis for federal-question jurisdiction, none exists.

Diversity jurisdiction is also lacking.  A federal district court may exercise subject-matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states" in which the jurisdictional amount is met. *Id.*  Under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999).

Here, there is incomplete diversity of the parties.  Phenix City is a municipality located in Russell County, Alabama, and therefore is a citizen of Alabama for diversity purposes. *See, e.g., Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973).  Carroll, meanwhile, is domiciled in Phenix City, and thus is also a citizen of Alabama. Docs. 3 at 2; 17 at 6; *see, e.g., McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (holding that an individual's domicile is his or her "'true, fixed, and permanent home'" (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).  These facts alone defeat removal jurisdiction, and any discussion of Redflex's residency is academic. *See* Doc. 17 at 6.

Even if there had been complete diversity of parties, Carroll also fails to meet his

burden of proving that the amount in controversy exceeds $75,000, as is required to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The Notice of Violation reveals that the amount in controversy is $100, the amount of Carroll's fine for running a red light. Doc. 1-1 at 5. Carroll's assertion that his counterclaim against Redflex exceeds $75,000 is irrelevant, as counterclaims cannot be considered in determining whether the amount-in-controversy requirement has been met. *See Conference Am., Inc. v. Q.E.D. Int'l, Inc.*, 50 F. Supp. 2d 1239, 1241–43 (M.D. Ala. 1999). As a result, Carroll's attempt to remove this matter would fail even if he could show complete diversity of the parties.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)  Movant Redflex Traffic Systems, Inc.'s Motion to Remand (Doc. 9) be GRANTED;

(2)  Plaintiff Phenix City Red Light Safety Program's Motion to Remand (Doc. 13) be GRANTED; and

(3)  All other outstanding motions be DENIED as moot.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **March 28, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this Recommendation is not a final

order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 14th day of March, 2016.

                                                                /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE