IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITY OF PHENIX CITY, ALABAMA, PHENIX CITY RED LIGHT SAFETY PROGRAM , *et al.*, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) JERRY PAUL CARROLL, ) ) Defendants. ) | CASE NO. 3:15-CV-748-WKW [WO] |

## **ORDER**

Before the court is Defendant Jerry Paul Carroll's motion for a stay of remand. (Doc. # 38.) Defendant seeks a stay pending his anticipated appeal of the April 5, 2016 order of remand. (Doc. # 37.)

With some exceptions not applicable in this case, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *Harris v. Blue Cross/Blue Shield of Alabama*, Inc., 951 F.2d 325, 330 (11th Cir. 1992). The case Defendant cites in support of his motion, *Dalton v. Walgreen Co*., No. 4:13 CV 603 RWS, 2013 WL 2367837 (E.D. Mo. May 29, 2013), which is not binding precedent, is inapplicable. In *Dalton*, the usual rule that "an order remanding a case to state court is generally not reviewable on appeal" did not apply because *Dalton* (unlike the present case)

was removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1446, 1453. *Dalton*, 2013 WL 2367837 at *1. CAFA contains an express exception to § 1447(d)'s prohibition on appeals from remand orders. *Dalton*, 2013 WL 2367837 at *1; 28 U.S.C. § 1453(c)(1). Other exceptions to the nonappealabity rule of § 1447(d), which allow for appeal of remand orders in cases removed pursuant to 28 U.S.C. §§ 1441 and 1443, are also inapplicable here. 28 U.S.C. § 1447(d).

Accordingly, it is ORDERED that Defendant Jerry Paul Carroll's motion for a stay of remand (Doc. # 38) is DENIED.

DONE this 12th day of April, 2016.

                                          /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE